UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KENNETH R. JOHNSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:16CV38 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

**MEMORANDUM AND ORDER**

Kenneth Johnson moves to vacate his sentence under 28 U.S.C. § 2255. Upon review, it appears that the motion is barred by the limitations period. As a result, I will order Johnson to show cause why it should not be summarily dismissed.

On December 20, 2005, Johnson pled guilty to transportation of child pornography via the internet, possession of child pornography, and two counts of sexual exploitation of children. On April 19, 2006, I sentenced him to a total of sixty years' imprisonment. Johnson appealed, but his appeal was dismissed for lack of jurisdiction on July 10, 2006. Johnson filed the instant motion on February 22, 2016.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210

(2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

Under 28 U.S.C. § 2255, a movant must file his motion within one year from "the date on which the judgment of conviction becomes final . . ."

For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is ninety days after the date of entry of the judgment appealed from. S.Ct. R. 13(1). The time does not run from the date of mandate. *Id.*; *Clay*, 537 U.S. at 527, 529. A § 2255 petitioner therefore has one year and ninety days from the judgment of the appellate court to file a § 2255 motion.

In this case, the limitations period expired on April 10, 2007. Consequently, the motion is time-barred unless Johnson can demonstrate equitable tolling.

Johnson argues that he is entitled to equitable tolling because he is actually innocent. He claims his attorney was ineffective during plea proceedings because the photographic evidence produced by the government was not sexually explicit, and therefore, did not qualify as child pornography under the statutes. Johnson says he would not have pled guilty but for counsel's mistake.

To overcome the statute of limitations, a claim of actual innocence must be based on new evidence, that is, evidence not available during the criminal proceedings. *See*, *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013). In this case, the supposed evidence of Johnson's actual innocence was available to him before he pled guilty. As a result, it does not appear that Johnson can overcome the limitations period.

Accordingly,

**IT IS HEREBY ORDERED** that Johnson must show cause, no later than twenty-one (21) days from the date of this Order, why his motion to vacate under § 2255 should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that if Johnson fails to comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 29th day of February, 2016.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE