# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| KENNETH R. JOHNSON, | ) |
| Movant, | ) |
| v. | ) No. 1:16CV38 RWS |
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

Kenneth Johnson moves to vacate his sentence under 28 U.S.C. § 2255. The motion is barred by the limitations and is dismissed. *See* 28 U.S.C. § 2255 Rule 4.

On December 20, 2005, Johnson pled guilty to transportation of child pornography via the internet, possession of child pornography, and two counts of sexual exploitation of children. *United States v. Johnson*, No. 1:05CR184 RWS (E.D. Mo.). On April 19, 2006, I sentenced him to a total of sixty years' imprisonment. Johnson appealed, but his appeal was dismissed for lack of jurisdiction on July 10, 2006. He did not file a petition for certiorari with the United States Supreme Court. He filed the instant motion on February 22, 2016.

In his motion, Johnson claims that he is actually innocent of child pornography because the pictures he possessed and transported were not "sexually explicit." He claims that they only depicted nudity. He attempts to overcome the one-year limitations period by claiming actual innocence. The limitations period in this case expired on April 10, 2007. *See* Mem. and Order dated Feb. 29, 2016.

Johnson's actual innocence claim is refuted by the record. Johnson pled guilty to possessing and transporting several images of child pornography, including more than one picture of a minor female being vaginally penetrated by an adult male's penis.

Additionally, to overcome the statute of limitations, a claim of actual innocence must be based on new evidence, that is, evidence not available during the criminal proceedings. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013). In this case, the supposed evidence of Johnson's actual innocence was available to him before he pled guilty. For these reasons, Johnson is not entitled to relief.

Finally, Johnson has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. As a result, I will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate under § 2255 is **DENIED,** and this action is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

Judgment will be entered forthwith.

Dated this 16th day of March, 2016.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE